UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MAREK SPERKA,**
        **Petitioner,**

    v.                                        Case No. 25-cv-1763

**TROY SMITH, Warden of Dodge**
**County Detention Facility, et al.,**
        **Defendants.**

___

### ORDER

    On November 11, 2025, Marek Sperka filed a habeas petition under 28 U.S.C. § 2241. Sperka is a citizen of the Czech Republic and was admitted to the United States on or about May 18, 2018, under the Visa Waiver Program. He has remained in the country since then. On October 16, 2025, Sperka was detained by Immigration and Customs Enforcement ("ICE") in a Home Depot parking lot near Chicago, Illinois, and transferred to Dodge County Detention Center in Juneau, Wisconsin.

    Shortly after his arrest, Sperka was provided with a copy of the administrative warrant ordering his arrest, a Notice of Custody Determination ordering that he be detained, and a Notice to Appear initiating removal proceedings for remaining in the United States longer than 90 days as permitted under the Visa Waiver Program. On November 12, 2025, an Immigration Judge terminated his removal proceedings, although Sperka remains in custody ostensibly pursuant to 8 U.S.C. § 1225(b)(2).

    On November 18, 2025, Sperka filed a Motion for Temporary Restraining Order and Preliminary Injunction. He argues that he has shown a likelihood of success on the merits and irreparable harm, and that an injunction is justified considering the balance of

equities and the public interest. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). On the merits, he argues that the Immigration Judge has wrongfully classified his detention under 8 U.S.C. § 1225 as "an alien . . . who has not been admitted or who arrives in the United States" and thereby refused to consider releasing him on bond. Rather, he states that he was lawfully admitted under the Visa Waiver Program and must therefore be classified under § 1226 which allows for the possibility of bond release.

Rule 65(b) provides that the court may issue an *ex parte* temporary restraining order only if:

- (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

- (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Other than the harm inherent in being detained unlawfully, which every habeas petitioner contends, Sperka has made no specific showing of need for relief before the respondent can be heard. *See* Order to Show Cause (ECF No. 3). This denial is without prejudice to petitioner making the necessary showing for *ex parte* relief should such "an extraordinary and drastic remedy" be warranted. *Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005).

For the reasons stated, **IT IS ORDERED** that petitioner's Motion for TRO and Preliminary Injunction (ECF No. 4) is **DENIED IN PART** as to the TRO.

Dated at Milwaukee, Wisconsin, this 21st day of November, 2025.

/s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge

2